NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-64-HRW

ERIC BENJAMIN BOLTON                                                                                       PETITIONER

VS:                              **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON, Warden                                                                                    RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Eric Benjamin Bolton, an individual committed to the custody of the Federal Bureau of prisons ("BOP") and currently confined in the BOP's Federal Correctional Institution, in Ashland, Kentucky, has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, and he has now paid the district court filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). During screening, the allegations in the petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). As Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

CLAIMS

Petitioner challenges the BOP's recommendation that he spend the last 3 to 4 months of his sentence in a Community Corrections Center ("CCC"),[1] rather than the 6-month maximum permissible placement, on the grounds that (1) his team failed to consider his rehabilitation or his needs for re-entry to society; (2) this causes him to suffer an impermissible double punishment in violation of the U.S. Constitution's double jeopardy clause; and (3) the CCC decision was based on a policy which became effective after his crime and commitment, thereby also violating the constitutional *ex post facto* clause.

FACTUAL ALLEGATIONS

Petitioner Bolton has submitted a partially completed common petition form and an attached self-styled, typewritten petition [Record No. 2], to which he has attached an appendix of documentary exhibits. The following is a summary or construction of the allegations contained therein.

The petitioner first reveals that he was convicted of a drug offense with intent to distribute in January of 1996 in the United States District Court for the Southern District of West Virginia and is serving the 168-month sentence handed down by that court. He states that he is scheduled for release from prison on February 18, 2007, but he presumably means February 18, 2008, as he states that his placement in a CCC for the full 6 months possible by statute would begin on August 18, 2007, and the paperwork for such a placement should begin two months earlier.

---

[1] Also commonly called a "halfway house," both of which are used to assist prisoners' transition back into the community at large.

His placement there will not begin then, however. Bolton alleges that on March 1, 2007, he met with his unit team at the prison and asked about his CCC placement. He was informed that he would have only between 90 and 120 days, not 180 days, in a CCC "because of institutional misconduct"; the team then purportedly refused to listen to his arguments about his "institutional adjustment which consisted of many mitigating factors," supporting a decision for the full 6-month CCC stay.

The petitioner appealed the recommendation through the BOP's administrative appeal process, Administrative Remedy Number 451487. He attaches a copy of the prison warden's May 14, 2007 response, wherein the warden first quotes from the BOP's policy, Program Statement 7310.04, <u>Community Corrections Center (CCC) Utilization and Transfer Procedures</u>, and then denies the appeal, as follows:

> . . . "Staff shall make recommendations for CCC placements based on assessments of inmate needs for services, public safety, and the necessity of the Bureau to manage its inmate population responsibly. Placement in a CCC is a program element and is not to be used as a reward for good institutional behavior, although an inmate's institutional adjustment may be a factor in making a referral determination."
>
> In your particular case, due to your poor institutional adjustment and extensive history of inmate disciplinary infractions indicating a propensity for continued criminal behavior, your Unit Team made the appropriate CCC placement recommendation. Therefore your request of Administrative Remedy is denied.

Attachment to petition, dated May 14, 2007.

Petitioner also attaches a copy of his appeal of the warden's decision to the BOP's Regional Director. It is dated May 21, 2007, and it raises the claims enumerated *supra*. Other attachments to the petition are copies of a transcript showing prison educational programs in which Bolton has participated, certificates of achievement for completion of several programs, and a letter to the Regional Director arguing his case.

DISCUSSION

Prisoners who seek relief under 28 U.S.C. §2241 are ordinarily required to exhaust administrative remedies before filing a habeas action in district court. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996)); *Sesi v. United States Bureau of Prisons*, 238 F.3d 423, 2000 WL 1827950 (6th Cir. (Mich.) December 7, 2000) (Table) (Unpublished Deposition) (a federal prisoner must first exhaust his available administrative remedies before filing a §2241 petition); *United States v. Oglesby*, 52 Fed. Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir.2002) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)).

The administrative remedies for federal prisoners bringing a 28 U.S.C. §2241 petition are set forth in 28 C.F.R. §§542.10-16 (1997). Section 542.13(a) demands that an inmate first informally present his complaint or request to the staff; but if the inmate cannot informally resolve the issue with staff, then he may submit a formal written complaint/appeal (BP-9 form) to the warden. An inmate who is not satisfied with the warden's response may submit an appeal (BP-10) to the appropriate regional director; and an inmate who is not satisfied with the regional director's response may submit an appeal (BP-11) to the BOP's general counsel.

The BOP's response times are established in 28 C.F.R. §542.18, which provides that responses shall be made by the Warden "within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." *Id*. Only one extension of time is allowed the BOP. Moreover, if the time runs for a response at any level without a response being made, the prisoner may consider the lack of a response a denial at that level and go on to the next level.

Under the facts presented herein, at the time of signing the instant petition, Bolton had reached the third level of the BOP's above-described 4 tiers when he filed his BP-10 to the Regional Director and the Regional Director was not yet required to respond under the regulations. When the Regional Director responds, or the time runs for him to do so, then the petitioner may go to the final level.

Exhaustion is a judicially created requirement for §2241 petitions, and it is true that the Court may waive the requirement if it finds that exhaustion is futile. *See Davis v. Keohane*, 835 F.2d 1147 (6th Cir. 1987); *Manakee Professional Medical Transfer Service, Inc. v. Shalala*, 71 F.3d 574 (6th Cir. 1995). Resort to administrative remedies is futile if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987).

However, absent evidence of unwillingness or other exigent circumstances, the Courts have insisted on the exhaustion of administrative remedies so as to prepare a record for the Court. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). In the instant case, a record is sorely needed. The petitioner did not make his three arguments against the purported erroneous CCC decision to the warden. He did not make these claims until his May 21, 2007 appeal to the regional director, and there is no record of how the regional director decided each of the three issues, nor, of course, how the national office views the issues.

Therefore, because the instant petitioner has not completed the administrative remedy process, there is no record on any of these issues for this Court to review. The responses of the Regional Director and the Administrator for National Inmate Appeals are needed – either to resolve

the matter in the petitioner's favor or to provide their reasons for denying more CCC time so that the Court may review whether the decision was contrary to federal law.

Accordingly, the Court is not inclined to address this matter on the merits at this time. Rather, the Court will deny the instant petition and dismiss the action, the dismissal to be without prejudice, however, to Bolton's bringing another petition with a demonstration of full exhaustion of the administrative process.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1)  Eric Benjamin Bolton's petition for writ of habeas corpus is **DENIED**.

(2)  This action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This July 2, 2007.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge